KEREN E. GESUND, ESQ.
Cal. Bar No. 253242
**GESUND & PAILET, LLC**
3421 N. Causeway Blvd
Suite 805
Metairie, LA 70002
Tel: (702) 300-1180
Fax: (702) 851-2189
keren@gp-nola.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA CHRISTINE SMITH, an individual, on behalf of herself and those similarly situated; <br><br> Plaintiffs, <br><br> vs. <br><br> ARS NATIONAL SERVICES, INC., a California corporation <br><br> Defendant. | Case No.: **'16CV0044 H    BLM** <br><br><br> **CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **JURY DEMANDED** |

## COMPLAINT

Plaintiff, ANDREA CHRISTINE SMITH (hereinafter referred to as "PLAINTIFF"), on behalf of herself and all those similarly situated, by and through undersigned counsel, alleges upon knowledge as to herself and her own acts, and upon information and belief as to all other matters, and brings this complaint against Defendant, ARS NATIONAL SERVICES, INC. (hereinafter referred to as "DEFENDANT") and in support thereof alleges the following:

### PRELIMINARY STATEMENT

**1.**   PLAINTIFF brings this action for actual and statutory damages arising from DEFENDANT's violations of the Fair Debt Collection Practices Act (hereinafter referred to as the "FDCPA"), 15 U.S.C. § 1692, *et seq*. DEFENDANT systematically and intentionally sends

- 1 -

deceptive and misleading collection letters to consumers with nonexistent deadlines on settlement offers, in violation of the FDCPA. DEFENDANT also systematically and intentionally sends deceptive and misleading collection letters to consumers which falsely impute a sense of urgency.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because DEFENDANT has its principal place of business in Escondido, California.

## PARTIES

4. PLAINTIFF is a natural person residing in Rochester, New York.

5. PLAINTIFF is a "consumer" as defined in the FDCPA at 15 U.S.C. § 1692a(3).

6. PLAINTIFF allegedly owes a (past due) consumer "debt" as defined by 15 U.S.C. § 1692a(5).

7. Defendant, ARS NATIONAL SERVICES, INC. (hereinafter referred to as "DEFENDANT") is a California corporation, the principal purpose of whose business is the collection of debts, with a principal place of business at 201 W. Grand Ave., Escondido, California, 92025.

8. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT regularly collects or attempts to collect consumer debts owed or due or asserted to be owed or due another and that DEFENDANT is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

9. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 8 inclusive, above.

10. On or around January 23, 2015, DEFENDANT sent a form collection letter to PLAINTIFF in an attempt to collect a consumer debt, attached hereto as **Exhibit A**.

11. This letter identifies PLAINTIFF's internal account number of XXXX1892. See Ex. A.

12. This letter states that "ARS is duly authorized to accept $1,362.00 in full settlement of the above-referenced account" and that "the settlement amount is due as follows." *Id.*

13. The letter further states that the amount is "due on" January 30, 2015, and that "[y]our payment **must reach this office by the due date or this offer will become null and void**" (emphasis added). *Id.*

14. On or around February 9, 2015, DEFENDANT sent another form collection letter to PLAINTIFF in an attempt to collect a consumer debt, attached hereto as **Exhibit B**.

15. The letter identifies the same internal account number of XXXX1892. See Ex. B.

16. The February 9, 2015 letter, with terms nearly identical to the January 23, 2015 letter, states that "ARS is duly authorized to accept $1,362.00 in full settlement of the above-referenced account" and that "the settlement amount is due as follows." *Id.*

17. The letter also states that the amount is "due on" February 26, 2015, and that "[y]our payment **must reach this office by the due date or this offer will become null and void**" (emphasis added). *Id.*

### CLASS ACTION ALLEGATIONS

18. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 17 inclusive, above.

19. These claims for relief are brought by PLAINTIFF individually and on behalf of all others similar situated for the purpose of asserting the claims alleged in this Complaint on a

common basis. PLAINTIFF's proposed classes are defined under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(b)(3), and PLAINTIFF proposes to act as representative of the following classes:

    a. Class Number One: a nationwide class consisting of consumers who:
  - i. Within one year prior to the filing of this action;
  - ii. Received a collection letter from DEFENDANT;
  - iii. Which failed to conform to 15 U.S.C. § 1692e(10) in that it contained a settlement offer with a nonexistent deadline.

    b. Class Number Two: a nationwide class consisting of consumers who:
  - i. Within one year prior to the filing of this action;
  - ii. Received a collection letter from DEFENDANT;
  - iii. Which failed to conform to 15 U.S.C. § 1692e(10) in that it deceptively created a false sense of urgency.

20. PLAINTIFF does not know the exact size or identities of the class, as DEFENDANT maintains exclusive control of such information. Because the January 23, 2015 letter is a form letter, PLAINTIFF believes that each class includes between 5,000 and 10,000 individuals whose identities can be readily determined from DEFENDANT's business records. Therefore, the proposed classes are so numerous that joinder of all members is impracticable.

21. All class members have been affected by the same conduct. The common questions of law and fact predominate over any questions affecting only individual members of the class. These questions include, but are not limited to:

    a. Class Number One:
  - i. Whether DEFENDANT's January 23, 2015 letter violates 15 U.S.C. § 1692e(10) by including a nonexistent deadline with its settlement offer;

     ii. The identities of individuals who received a substantially similar collection letter from DEFENDANT which violated the above subsection; and

     iii. The total number of collection letters that DEFENDANT mailed to consumers which violated the above subsection.

  b. Class Number Two:

     i. Whether DEFENDANT's January 23, 2015 letter violates 15 U.S.C. § 1692e(10) by deceptively creating a false sense of urgency;

     ii. The identities of individuals who received a substantially similar collection letter from DEFENDANT which violated the above subsection; and

     iii. The total number of collection letters that DEFENDANT mailed to consumers which violated the above subsection.

22. PLAINTIFF's claims are typical of the claims of the classes and do not conflict with the interests of any other class members. PLAINTIFF and the members of the classes were uniformly subjected to the same conduct.

23. Upon information and belief, DEFENDANT has a policy of sending collection letters that contain settlement offers with nonexistent deadlines which deceptively create the false belief in the mind of the least sophisticated consumer that the consumer must pay by the deadline, lest he or she lose the benefit of the offer.

24. Upon information and belief, DEFENDANT also has a policy of sending collection letters offers that create a false sense of urgency in the mind of the least sophisticated consumer.

25. PLAINTIFF will fairly and adequately represent the class members' interests and

has retained counsel who are qualified to pursue this litigation.  PLAINTIFF's counsel's firm, GESUND & PAILET, LLC, focuses on prosecuting FDCPA lawsuits.  PLAINTIFF's counsel, Keren E. Gesund, also has experience in advising debt collectors on defending FDCPA claims.

26. PLAINTIFF is committed to vigorously pursuing her claims.

27. A class action is superior for the fair and efficient adjudication of the class members' claims as Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.  The members of the classes are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.  Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards and would not be in the best interest of judicial economy.

28. A class action regarding the issues in this case does not create any problems of manageability.

29. If facts are discovered to be appropriate, PLAINTIFF will seek to certify the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

**FIRST CLAIM FOR RELIEF**

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(10)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER ONE**

30. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 29 inclusive, above.

31. A debt collector is prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

32. On or around January 23, 2015 DEFENDANT sent a collection letter to PLAINTIFF in an attempt to collect a consumer debt. See Ex. A.

33. This letter identifies PLAINTIFF's internal account number of XXXX1892. *Id*.

34. This letter states that "ARS is duly authorized to accept $1,362.00 in full settlement of the above-referenced account" and that "the settlement amount is due as follows." *Id.*

35. The letter further states that the amount is "due on" January 30, 2015, and that "[y]our payment **must reach this office by the due date or this offer will become null and void**" (emphasis added). *Id.*

36. However, less than two weeks after the alleged deadline, on or around February 9, 2015, DEFENDANT, sent a second collection letter to PLAINTIFF in an attempt to collect a consumer debt. See Ex. B.

37. The February 9, 2015 letter states ARS will accept the same "$1,362.00 in full settlement of the above-referenced account" but extends the payment deadline to February 26, 2015. *Id.*

38. The January 23, 2015 letter falsely and deceptively represents that the deadline to settle for $1,362.00 is January 30, 2015.

39. It is especially evident that January 30, 2015 was a nonexistent deadline because the February 9, 2015 letter extends the deadline for accepting the $1,362.00 settlement offer to February 26, 2015.

40. The least sophisticated consumer would mistakenly believe that January 30, 2015 was a legitimate deadline.

41. The nonexistent deadline in the January 23, 2015 letter is a false representation and deceptive means to collect a consumer debt that violates 15 U.S.C. § 1692e(10).

42. As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

43. It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

### SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e(10)
BROUGHT BY PLAINTIFF INDIVIDUALLY AND
ON BEHALF OF CLASS NUMBER TWO**

44. PLAINTIFF repeats, re-alleges, and incorporates by reference, paragraphs 1 through 43 inclusive, above.

45. A debt collector is prohibited from using any "deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

46. On or around January 23, 2015, DEFENDANT drafted a collection letter to PLAINTIFF in connection with the attempt to collect a consumer debt. See Ex. A.

47. This letter identifies PLAINTIFF's internal account number of XXXX1892. *Id.*

48. This letter states that "ARS is duly authorized to accept $1,362.00 in full settlement of the above-referenced account" and that "the settlement amount is due as follows." *Id.*

49. The letter further states that the amount is "due on" **January 30, 2015**, and that "[y]our payment **must reach this office by the due date or this offer will become null and void**" (emphasis added). *Id.*

50. However, on or around February 9, 2015, DEFENDANT, sent a second, nearly identical form collection letter to PLAINTIFF. See Ex. B.

51. The February 9, 2015 collection letter again offers $1,362.00 in full settlement but extends the payment deadline to February 26, 2015. *Id.*

52. The January 23, 2015 letter is deceptive because it creates a false sense of urgency in the mind of the least sophisticated consumer.

53. The January 23, 2015 letter demands payment by January 30, 2015. This effectively provides the consumer two days to decide, attempt to raise, and mail the settlement monies to DEFENDANT.

54. Allowing three days for mailing from the date the letter was drafted (January 23, 2015), the collection letter likely reached PLAINTIFF by January 26, 2015.

55. For the settlement monies to reach DEFENDANT by the arbitrary January 30, 2015 deadline, PLAINTIFF would need to mail the settlement monies no later than January 27, 2015.

56. This is especially true where PLAINTIFF lives in New York and is mailing across the country to California.

57. DEFENDANT intentionally created such a brief window for acceptance to create a false sense of urgency in the mind of the least sophisticated consumer, thereby inducing him or her into accepting the offer, particularly when he or she would not have any reason to know that additional opportunities to settle were soon approaching.

58. The January 23, 2015 letter also creates a false sense of urgency because it would mislead the least sophisticated consumer into believing that he or she would not have any additional opportunities to settle the debt if he or she did not pay the demanded amount by the deadline.

59. The least sophisticated consumer would believe this because of the tone of finality expressed in the phrasing ("the settlement amount is due" and "payment must reach this office by the due date"), and because the letter does not contain any additional language suggesting that further opportunities to negotiate were forthcoming.

60.     The false sense of urgency in the January 23, 2015 letter is a deceptive means to collect a consumer debt that violates 15 U.S.C. § 1692e(10).

61.     As a result of the FDCPA violations by DEFENDANT, PLAINTIFF is entitled to an award of statutory damages.

62.     It has been necessary for PLAINTIFF to obtain the services of an attorney to pursue this claim, on behalf of herself and those similarly situated, and is entitled to recover reasonable attorneys' fees therefor.

## DEMAND FOR JURY TRIAL

63. Please take notice that PLAINTIFF demands trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that this Court grant the following relief in PLAINTIFF'S favor, and on behalf of the class, and that judgment be entered against DEFENDANTS for the following:

(1)     For actual damages incurred by PLAINTIFF pursuant to 15 U.S.C. § 1692k(a)(1);

(2)     For statutory damages awarded to PLAINTIFF, not to exceed $1000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(3)     For statutory damages awarded to the Class Members, pursuant to 15 U.S.C. § 1692k(a)(2)(B), of the amount not to exceed the lesser of $500,000 or 1 per centum (1%) of the net worth of the DEFENDANT;

(4)     For disgorgement of all of Defendant's revenues obtained through use of the script at issue;

(5)     For reasonable attorney fees for all services performed by counsel in connection with the prosecution of these claims;

(6) For reimbursement for all costs and expenses incurred in connection with the prosecution of these claims; and

(7) For any and all other relief this Court may deem appropriate.

DATED this 8th day of January 2016.

                                                **GESUND & PAILET, LLC**

                                                */s/ Keren E. Gesund, Esq.*
                                                KEREN E. GESUND, ESQ.
                                                Cal. Bar No. 253242
                                                **GESUND & PAILET, LLC**
                                                3421 N. Causeway Blvd
                                                Suite 805
                                                Metairie, LA 70002
                                                Tel: (702) 300-1180
                                                Fax: (702) 851-2189
                                                keren@gp-nola.com
                                                *Attorneys for Plaintiffs*